Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000725
12-JAN-2017
10:07 AM

NO. CAAP-16-0000725

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

EMILY THOMAS YUKIMURA (nka EMILY THOMAS), Plaintiff-Appellee, v.
DAVID YUKIMURA, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRTH CIRCUIT
(FC-D NO. 07-1-0098)

ORDER
DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
AND
DISMISSING AS MOOT ALL PENDING MOTIONS IN CAAP-16-0000725
(Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record in this appeal arising out of post-judgment proceedings in a divorce case, it appears that we lack appellate jurisdiction over Defendant-Appellant John Doe's (Appellant Husband) appeal from the Honorable Edmund D. Acoba's April 29, 2016 post-judgment "Order Regarding Defendant's Motion to Show Cause Filed April 27, 2015; Supplement to Defendant's Motion to Show Cause Filed May 12, 2015; Plaintiff's Motion and Affidavit for Order to Show Cause and Relief after Order and

Decree Filed May 21, 2015; Plaintiff's Supplemental Motion and Affdavit [sic] for Order to Show Cause and Relief after Order and Decree Filed June 19, 2015; Plaintiff's Motion to Enforce Agreement Filed October 21, 2015; and Defendant's Motion to Show Cause and Motion to Enforce Agreement Filed November 9, 2015" (the April 29, 2016 post-judgment order).

The April 29, 2016 post-judgment order appears to be an independently appealable final post-judgment order under Hawaii Revised Statutes § 571-54 (2006). See Hall v. Hall, 96 Hawai'i 105, 111 n.4, 26 P.3d 594, 600 n.4 (App. 2001), affirmed in part, and vacated in part on other grounds, Hall v. Hall, 95 Hawai'i 318, 22 P.3d 965 (2001); Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003). Nevertheless, Appellant Husband did not file his October 26, 2016 notice of appeal within thirty days after entry of the April 29, 2016 post-judgment order, as Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP) required for a timely appeal.

Although Appellant Husband might have attempted to invoke the tolling provision in HRAP Rule 4(a)(3) by filing a May 13, 2016 post-judgment motion for reconsideration (May 13, 2016 Motion for Reconsideration) of the April 29, 2016 post-judgment order pursuant to Rule 59 of the Hawai'i Family Court Rules (HFCR), Appellant Husband did not file his May 13, 2016 Motion for Reconsideration within ten days after entry of the April 29, 2016 post-judgment order, as HFCR Rule 59(e) expressly required for a "timely" post-judgment motion for reconsideration that

-2-

would invoke the tolling provision in HRAP Rule 4(a)(3).[1]  See

HFCR Rule 59(e) ("[A] motion to reconsider, alter or amend a

judgment or order is not required but may be filed no later than

10 days after the entry of the judgment or order[.]").

Consequently, Appellant Husband did not invoke the tolling

provision in HRAP Rule 4(a)(3), and his October 26, 2016 notice

of appeal is untimely as to the April 29, 2016 post-judgment

order under HRAP Rule 4(a)(1).  The failure to file a timely

notice of appeal in a civil matter is a jurisdictional defect

that the parties cannot waive and the appellate courts cannot

disregard in the exercise of judicial discretion.  Bacon v.

Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule

26(b) ("[N]o court or judge or justice is authorized to change

---

[1]    Rule 4(a)(3) of the Hawai'i Rules of Appellate
Procedure provides:

> (3) Time to appeal affected by post-judgment motions. If any
> party files a timely motion for judgment as a matter of law,
> to amend findings or make additional findings, for a new
> trial, to reconsider, alter or amend the judgment or order,
> or for attorney's fees or costs, and court or agency rules
> specify the time by which the motion shall be filed, then
> the time for filing the notice of appeal is extended for all
> parties until 30 days after entry of an order disposing of
> the motion. The presiding court or agency in which the
> motion was filed shall dispose of any such post-judgment
> motion by entering an order upon the record within 90 days
> after the date the motion was filed. If the court or agency
> fails to enter an order on the record, then, within 5 days
> after the 90th day, the clerk of the relevant court or
> agency shall notify the parties that, by operation of this
> Rule, the post-judgment motion is denied and that any orders
> entered thereafter shall be a nullity. The time of appeal
> shall run from the date of entry of the court or agency's
> order disposing of the post-judgment motion, if the order is
> entered within the 90 days, or from the filing date of the
> clerk's notice to the parties that the post-judgment motion
> is denied pursuant to the operation of the Rule.
> The notice of appeal shall be deemed to appeal the
> disposition of all post-judgment motions that are timely
> filed after entry of the judgment or order.
> The 90-day period shall be computed as provided in Rule 26
> of these Rules.

(Emphases added).

the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal.").

Accordingly, IT IS HEREBY ORDERED that appellate court case number CAAP-16-0000725 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in appellate court case number CAAP-16-0000725 are dismissed as moot.

DATED: Honolulu, Hawaiʻi, January 12, 2017.

Presiding Judge

Associate Judge

Associate Judge